UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CASE NO. 24-5511

HONORABLE ORDER OF KENTUCKY COLONELS, INC.

                    Plaintiff-Appellee

v.

KENTUCKY COLONELS INTERNATIONAL; GLOBCAL INTERNATIONAL;
ECOLOGY CROSSROADS COOPERATIVE FOUNDATION, INC.;
UNKNOWN DEFENDANTS

                    Defendants

DAVID J. WRIGHT, Individually and in his capacity as President of Ecology
Crossroads Cooperative Foundation, Inc.

                    Defendant-Appellant

## **APPELLEE'S MOTION TO DISMISS APPEAL**

      Appellee, The Honorable Order of Kentucky Colonels, Inc. ("HOKC"), by counsel hereby moves the Court to dismiss the instant appeal. This is the third appeal initiated by Defendant/Appellant, David J. Wright ("Wright").[1] The first two appeals were initiated by Wright *pro se*, in his capacity as an individual litigant. The

---

[1] Wright also filed the Notice of Appeal in Case No. 23-5795 on September 6, 2023 [Doc. 1] and the Notice of Appeal in Case No. 23-6108 on December 20, 2023 [Doc. 1]. Those two appeals were consolidated by Order dated February 8, 2024 [Case No. 23-5795, Doc. 13-1, page 2]. A motion to dismiss the consolidated appeals [Doc. 17] was filed March 14, 2024 and is currently pending.

instant appeal, however, was initiated by a Notice of Appeal improperly filed by Wright purportedly on behalf of Defendants Ecology Crossroads Cooperative Foundation, Inc. and its subsidiary Globcal International (hereinafter collectively the "Corporate Defendants"). Because Wright is not an attorney, the Notice of Appeal was improperly filed and this appeal must be dismissed.

## **ARGUMENT**

### I.    **THE APPEAL SHOULD BE DISMISSED BECAUSE IT IS NOT PROPERLY BEFORE THE COURT.**

The instant Notice of Appeal was filed by Wright "as the Executive Officer and Founder" of the Corporate Defendants. [Notice of Appeal [Doc. 1], page 1]. The Notice of Appeal states that the Corporate Defendants appeal various orders and judgments of the district court, the latest of which is dated April 22, 2024.[2] That Order [DE 150] was the Default Judgment entered by the Court against the Corporate Defendants. That Default Judgment did not provide for or address relief against Wright in his individual capacity. The Notice of Appeal was signed solely by Wright.

---

[2] The other opinions and orders of the district court to which the Notice of Appeal purports relate are dated March 9, 2020, March 23, 2020, and August 13, 2020. [*Id*.]. Any appeal of those orders is clearly untimely under FRAP 4(a)(1)(A).

Wright is not an attorney and has not been admitted to practice law in any state.[3]  As expressly recognized by the United States Supreme Court, "[i]t has been the law for the better part of two centuries … that a corporation may appear in the federal courts ***only through licensed counsel***."    *See Rowland v. California Mens Colony*, 506 U.S. 194, 202-03 (1993) (emphasis added) (citing cases dating from 1824 forward holding that a corporation may only be represented by licensed counsel).  Artificial entities, including corporations, cannot be represented by individuals who are not licensed attorneys.  Indeed, the district court below, on numerous occasions, held that Wright could not file pleadings on behalf of the Corporate Defendants because he is not an attorney duly licensed to practice law.[4]  Wright has repeatedly ignored the district court's directive, just as he has done in filing the instant Notice of Appeal.

## CONCLUSION

Wright filed the Notice of Appeal in direct contravention of the district court's previous rulings and instructions that he may not tender filings or appear on behalf of the Corporate Defendants because he is not a licensed attorney.  Wright should

---

[3] A copy of an email in which Wright acknowledged that he does not hold a law license is attached as Exhibit 1.

[4] The district court's most recent Order striking a pleading filed by Wright on behalf of the Corporate Defendants is attached as Exhibit 2.  [*See* 4/22/24 Memorandum Opinion and Order, page 3].

not be allowed to ignore the district court's rulings or circumvent the well established law prohibiting *pro se* representation of corporate entities. For the reasons set forth herein, this appeal must be dismissed.

Respectfully submitted,

*/s/ Cornelius E. Coryell II*
Cornelius E. Coryell II
Julie Laemmle Watts
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 589-5235
ccoryell@wyattfirm.comn
jwatts@wyattfirm.com

*Counsel for Plaintiff/Appellee, the*
*Honorable Order of Kentucky Colonels, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Appellee's Motion to Dismiss Appeal has been served upon the following, by U.S. mail and/or electronic mail, on this the 28th day of May, 2024:

David J. Wright
302 General Smith Drive
Richmond, KY 40475
David.wright@globcal.net

*/s/ Cornelius E. Coryell II*

*Counsel for Plaintiff/Appellee the*
*Honorable Order of Kentucky*
*Colonels, Inc.*

101594072.1

# EXHIBIT 1

**Coryell, Corky**

| | |
|---|---|
| **From:** | David J. Wright <david.wright@globcal.net> |
| **Sent:** | Monday, March 9, 2020 10:46 AM |
| **To:** | Coryell, Corky |
| **Cc:** | Watts, Julie; Coughlin, Michelle |
| **Subject:** | Re: HOKC v KCI Defense |

**CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you know the sender and were expecting this message.

Currently I am the only one that may represent the defendants you are referring to because the organization(s) do not and have not engaged an attorney, nor may they be compelled to do so at this time, therefore as the chief executive officer I am the representative in charge of the lawsuit filed and am legally representing the defense of the organization(s). To answer your question, no, I am not admitted to the Kentucky Bar Association or licensed to practice law <u>except on my own behalf and on the behalf of the organization(s)</u>.

All negotiations relative to any settlement regarding this case must be discussed directly with me.

Neither of the organizations remaining in Kentucky bear any direct responsibility in this matter nor have they, they were merely facilitating the corporate legal existence of Kentucky Colonels International as its protector and host. They should not be held civilly responsible for the actions of the Assumed Name Corporation I had under development, no inference should be made of any wrongdoing on their part.

Statements made publicly by your client in the social media and in a press release prior to the lawsuit about myself and the character of the organization Ecology Crossroads were abusive and libelous that have caused a negative opinion based on the public perspective of this matter and have affected our capacity to promote our objectives with the United Nations. Once I receive the result of the hearing, the decision of the court and my pro se defense we can continue the conversation if you wish to resolve it.

**Col. David J. Wright**
Goodwill Ambassador, Kentucky Colonel, Conservationist

Principle Works and Pursuits
<u>Ecology Crossroads Cooperative Foundation</u>

<u>Globcal International</u>
<u>Kentucky Colonels International</u>
<u>De'Aruhua Cacao</u>

Social Media: <u>Facebook</u> | <u>LinkedIn</u> | <u>Twitter</u>
Personal Website: <u>Ambassador Col. David J. Wright</u>

**Cellular:** (+58) 426-111-0529
**WhatsApp:** <u>Send Message</u> then Call

1

**Confidentiality Notice:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

On Mon, Mar 9, 2020 at 8:55 AM Coryell, Corky <ccoryell@wyattfirm.com> wrote:

Mr. Wright,


In the Notice of Appearance you filed last week, you indicate that you are appearing "pro se on the part of the defendants including myself...."


Are you an attorney, licensed to practice law in the Commonwealth of Kentucky?


If not, you can appear pro se yourself, but you cannot represent the corporate defendants.


Please advise.


**Cornelius E Coryell**

Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202-2898
Direct: (502) 562-7376
Mobile: (502) 594-0832
Fax: (502) 589-0309
Email: ccoryell@wyattfirm.com




Louisville | Lexington | Memphis | Nashville | New Albany | www.wyattfirm.com


> **From:** David J. Wright <david.wright@globcal.net>
> **Sent:** Tuesday, March 3, 2020 5:15 PM
> **To:** Coryell, Corky <ccoryell@wyattfirm.com>
> **Subject:** Re: HOKC v KCI Defense

2

I received your email.

Just for your information if you examine Wikipedia closer you will discover <u>I added your trademark</u> there it was someone else on Wikipedia that removed it, but it was not me, so your pleadings are erroneous. Go ahead and look it is on the disambiguation page for "Kentucky Colonels" that your are talking about. And while we can live with your Trademark its use for commerce, we are not engaged in commerce or your particular use of the trademarks.

It is very hard to have or hold a trademark over things in the public domain, actually impossible or Santa Claus would have sued Jesus, or the Church would have sued Santa maybe. We have now 13 organizations that were formed prior to yours dug out of the public record.

We will continue to stand on our Constitutional rights under the First Amendment as a civil society in formation. If let you move forward it will be like, the Grinch getting away with stealing Christmas.

**Col. David J. Wright**

Goodwill Ambassador, Kentucky Colonel, Conservationist

Principle Works and Pursuits

<u>Ecology Crossroads Cooperative Foundation</u>

<u>Globcal International</u>

<u>Kentucky Colonels International</u>

<u>De'Aruhua Cacao</u>

Social Media: <u>Facebook</u> | <u>LinkedIn</u> | <u>Twitter</u>

Personal Website: <u>Ambassador Col. David J. Wright</u>

**Cellular:** (+58) 426-111-0529
**WhatsApp:** <u>Send Message</u> then Call

**Confidentiality Notice:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

On Tue, Mar 3, 2020 at 4:35 PM Coryell, Corky <ccoryell@wyattfirm.com> wrote:

Mr. Wright,

The attached was filed today in the above referenced action.

Corky

**Cornelius E Coryell**

Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202-2898
Direct: (502) 562-7376
Mobile: (502) 594-0832
Fax: (502) 589-0309
Email: ccoryell@wyattfirm.com



Louisville | Lexington | Memphis | Nashville | New Albany | www.wyattfirm.com

**From:** Col. David J. Wright, Webmaster <webmaster@kycolonels.international>
**Sent:** Tuesday, March 3, 2020 6:07 AM
**To:** Coryell, Corky <ccoryell@wyattfirm.com>; scrose@kycolonels.org
**Subject:** HOKC v KCI Defense (Confidential)

Dear Corky Coryell and Col Sherry Crose,

This is your copy of our pleading to the court. Please also be advised that at this point only our commissioners have read it or been given access. It was sent by Certified Mail to the Court Clerk and should arrive there today, if you withdraw your case before

it is added to the docket chances are you can prevent it from the media gaining access or being entered as my appearance in the file.

There is still time to work out an amicable resolution to this matter.

We have made verified copies of both websites in question which are assumedly owned by your client, however we know better considering the content of our pleadings to the court, after all this is about the internet and information available to the public, so there is not much sense in making updates now or taking steps today to cover up your client's actions, tracks, interests or disinterest in their relative or unrelated commercial for-profit enterprise; the facts are relevant to this case. Our case file involves 1000s of pages, we are talking about the state of affairs at the time your client filed this suit, not today or tomorrow.

Your search for "Honorable Order of Kentucky Colonels" on site:kycolonelsstore.com - did not match any documents.

Your search for "Upper Right Marketing" site:kycolonels.org - did not match any documents.

I am preparing a news release now, for the 194 Kentucky media members to help the public better understand our position as the underdog in our own defense using verifiable factual data, tomorrow we will deal with presenting it to national features editors across the United States. The Kentucky Colonel Foundation will not be taken down through corruption or impropriety, nor can I be exhausted in your attempts.

Since the Governor is the commander-in-chief of your client's organization he is potentially involved as their figurehead as he has been implicated by your client, we may be including him in our second round of news releases. However at this time we believe he does not know what he is potentially involved in by supporting your client and the lifestyles of private citizens involved in the background through what we have discovered, we can inform him if you like in our next correspondence in the interest of all of our members.

We would not want to move further without your knowledge that we intend to file a counter suit including the governor who your client has involuntarily enjoined as their lead officer and will attempt to include James Dawahare, et.al. when we fully respond to your verified claim against us. The public will benefit in knowing the truth about where their money goes from the trademark's actual use, whether it is for donations or the shadow private enterprise that is funded and propelled using your client's charity and website..

We have also collected information relative to the origin and manufacture of all the products being sold through the Kentucky Colonels Store, which in itself will shock most Kentucky colonels.

From our perspective Kentucky colonels are responsible for the 13 billion in tourism that is brought to Kentucky makes each year based on their own goodwill as noteworthy individuals and honorary award recipients, the 2 million claimed by your client that they distribute in Kentucky is just a drop in the bucket. None of our interests are dishonorable or for profit let this be clear, they are in the interest of the award as a

noteworthy and distinguished one.

We would like confirmation of your withdrawal of your lawsuit or your intentions today once you can determine what you want to do with your client when you speak to them this morning. Especially considering that they do not really use the mark to sell cigars, barbeque sauce, clothing or anything else themselves as most people (Colonels) may believe they do and appear to us to clearly be secondary beneficiaries of their own trademarks for their charitable purposes. Neither do they as a corporate person use the trademark as claimed in your lawsuit, even if it appears that they do.

Our defense should be shared with our 4000 members prior to tomorrow by email and to our subscriber list in a summary format with a link to our court pleadings as well as your own so they do need an account with the court or Law 360 to review them, after all it is a public matter as much as a private one, it is also one that only you can stop.

While you understand that your client may be serving the public interest as a charity by funding other non-profits, it is obvious that the LLC that uses the mark exclusively and clearly benefits from its use is not a private charity and is not your client named in this suit.

These distinctions of who is who are of great interest to all Kentucky colonels and probably the governor who is potentially involved in promoting private enterprise with his recent decision to allow anyone to nominate a colonel, so we suggest your client convince him right away to revert the policy so only Kentucky colonels can make these nominations or perhaps the HOKC will need to explain how he is not involved as their most senior officer in promoting sales of commercial for-profit products through the store not owned by them, which is not in the public interest.

Further escalation of this matter will only result in further damage relative to everyone's interests. Neither you or the court will impede our rights as civil human beings from addressing our grievances to government, our freedom of speech, the freedom of the press or our right to assemble peacefully under the First Amendment of the US Constitution.

If you do not want myself or our commissioners involved in promoting Kentucky colonels let us know, we have made numerous attempts to find a good solution to our dilemma and your grievance with us, but we do not recommend pursuing this lawsuit any further at the detriment of the honorability of the award itself. It will get much more complicated if it goes any further.

If you decide to ignore this letter that is fine and we will proceed to court with a respectful, honorable and ethical court battle.

**Col. David J. Wright**

Goodwill Ambassador, Kentucky Colonel, Conservationist

Principle Works and Pursuits

## Ecology Crossroads Cooperative Foundation

Globcal International

Kentucky Colonels International

De'Aruhua Cacao

Ekobius International

Social Media: Facebook | LinkedIn | Twitter

Personal Website: Ambassador Col. David J. Wright

**Cellular:** (+58) 426-111-0529
**WhatsApp:** Send Message then Call

**Confidentiality Notice:**
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

==============================================================================================
==========
The information contained in this transmission is intended only for the person or entity to which it is addressed
and may contain confidential and/or privileged material. If you are not the intended recipient of this information,
do not review, retransmit, disclose, disseminate, use, or take any action in reliance upon this information. If you
received this transmission in error, please contact the sender immediately, destroy all printed copies, and delete
the material from all computers.
==============================================================================================
==========

==============================================================================================
====
The information contained in this transmission is intended only for the person or entity to which it is addressed
and may contain confidential and/or privileged material. If you are not the intended recipient of this information,
do not review, retransmit, disclose, disseminate, use, or take any action in reliance upon this information. If

you
received this transmission in error, please contact the sender immediately, destroy all printed copies, and delete the material from all computers.

==================================================================================
====

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

THE HONORABLE ORDER OF
KENTUCKY COLONELS, INC.,                                          Plaintiff

v.                                                    Civil Action No. 3:20-cv-132-RGJ

KENTUCKY COLONELS
INTERNATIONAL et al.,                                            Defendants

* * * * *

## MEMORANDUM OPINION & ORDER

This case comes before the Court on four motions.  The Honorable Order of Kentucky
Colonels ("Plaintiff") moves for default judgment against Defendants Ecology Crossroads
Cooperative Foundation, Inc. and Globcal International ("Corporate Defendants").  [DE 139].
Corporate Defendants respond and move to strike the motion for default judgment.  [DE 140].
Plaintiff moves to strike Corporate Defendants' response.  [DE 141].  *Pro se* Defendant David J.
Wright ("Wright")[1] also moves for leave to appeal *in forma pauperis* and to stay enforcement of
the Court's judgments pending appeal.  [DE 145].  Briefing is complete and the motions are ripe.
[DE 143; DE 146].  Having considered the motions and accompanying documentation, Plaintiff's
motion for default judgment [DE 139] is **GRANTED**, Plaintiff's motion to strike [DE 141] is
**GRANTED**, Corporate Defendants' response [DE 140] is **STRICKEN**, Wright's motion for
leave to appeal *in forma pauperis* and for a stay pending appeal [DE 145] is **GRANTED in part
and DENIED in part**.

---

[1] Wright and Corporate Defendants are collectively referred to as "Defendants."

1

# I.    BACKGROUND

Plaintiff's original case ("*Kentucky Colonels I*") alleged that Defendants were infringing on Plaintiff's KENTUCKY COLONELS trademark.  The Court granted and later extended a TRO against Defendants.  [DE 14; DE 23; DE 32].  The Court also ruled that Wright could not represent Corporate Defendants because he is not an attorney.  [*Id*. at 808].  Instead, Corporate Defendants were ordered to obtain counsel and respond, which they failed to do.  [*Id*. at 822; DE 46].  Accordingly, Plaintiff obtained an entry of default against Corporate Defendants on August 13, 2020.  [DE 60].  Then, before Plaintiff moved for default judgment, the parties participated in a settlement conference, which resulted in the Agreed Permanent Injunction ("Agreed Order").[2]  The Court entered the Agreed Order and dismissed the case.  [DE 93; DE 94].

Approximately two years passed.  The case was reopened in March 2023 when Plaintiff moved to enforce the Agreed Order in *The Honorable Ord. of Kentucky Colonels, Inc. v. Globcal Int'l*, No. 3:23-CV-43-RGJ (W.D. Ky. 2023) ("*Kentucky Colonels II*").  [DE 99].  Plaintiff also sought default judgment against Corporate Defendants, citing the previous entry of default.  [DE 105 at 3364].  The Court denied the motion without prejudice and again permitted Corporate Defendants additional time to retain counsel, which they failed to do.  [*Id*.].  After an evidentiary hearing on April 25, 2023, Defendants were held in contempt of the Agreed Order, enjoined from using the KENTUCKY COLONELS trademark, and ordered to pay $7,500 in compensatory sanctions.  [DE 129].  Wright was also individually ordered to pay a portion of Plaintiff's attorneys' fees and costs.  [DE 138].[3]

---

[2] Wright signed the Agreed Order on behalf of himself and as the agent for Corporate Defendants.  [DE 121, Contempt Hr'g Tr., at 3518].

[3] The Court did not assess fees or costs against Corporate Defendants in its previous order because Plaintiff had not yet secured a default judgment.  [DE 138 at 3844].

Plaintiff now moves for default judgment against Corporate Defendants and for attorneys'
fees and costs to be assessed against them.  [DE 139].  Despite Corporate Defendants remaining
unrepresented, Wright has attempted to respond on their behalf in the form of a motion to strike.
[DE 140].  Citing Corporate Defendants' unrepresented status, Plaintiff moves to strike the
response.  [DE 141].

Meanwhile, Wright has appealed the Court's contempt order [DE 129] and assessment of
attorneys' fees and costs against him.  [DE 138].  He moves to stay the judgments pending appeal
and seeks leave to file his appeal *in forma pauperis*.  [DE 145].  Plaintiff opposes Wright's motion
to stay the judgments.  [DE 146].

## II.   DISCUSSION

A.   <u>Motions to Strike</u>

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an
insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.
P. 12(f).  "Motions to strike under Rule 12(f) are addressed within the sound discretion of the
Court, although they are generally disfavored." *Hashemian v. Louisville Reg'l Airport Auth.*, No.
3:09-CV-951, 2013 U.S. Dist. LEXIS 59962, 2013 WL 1788473, at *5 (W.D. Ky. Apr. 26, 2013)
(citing *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D.
Mich. 1997) (internal citations omitted)).

Corporations cannot appear *pro se* in federal court and must retain counsel.  *See Rowland
v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993) ("a
corporation may appear in the federal courts only through licensed counsel."); [DE 46 at 1017].
The Court has repeatedly held in both *Kentucky Colonels I* and *Kentucky Colonels II* that Wright
may not respond on behalf of Corporate Defendants and his filings on their behalf will not be

3

considered. [DE 32 at 808; DE 105 at 3363]. *See also Escue v. Bradley Power & Air, LLC*, No. 214CV02372JTFTMP, 2014 WL 12607110 (W.D. Tenn. Nov. 10, 2014) (striking a pleading offered by a *pro se* defendant on behalf of a corporate defendant). Therefore, Plaintiff's motion to strike [DE141] is **GRANTED**, and Defendants' response and motion to strike [DE 140] is **STRICKEN**.

      B.      <u>Plaintiff's Motion for Default Judgment</u>

Under Rule 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Default was entered in *Kentucky Colonels I* against Corporate Defendants on August 13, 2020. [DE 60]. When Plaintiff later sought enforcement of the Agreed Order in *Kentucky Colonels II*, it moved for default judgment against Corporate Defendants, citing the entry of default in *Kentucky Colonels I*. The Court denied the motion without prejudice to allow Corporate Defendants another opportunity to obtain counsel. [DE 105]. Corporate Defendants have since failed to enter an appearance by counsel, plead, or otherwise defend after being properly served in *Kentucky Colonels II*. Thus, Plaintiff's motion for default judgment is **GRANTED** and Plaintiff is entitled to recover $10,477.25 in attorneys' fees from Corporate Defendants, jointly and severally.[4]

      C.      <u>Wright's Motion to Appeal *In Forma Pauperis*</u>

Plaintiff does not object to Wright's motion to appeal *in forma pauperis*. [DE 146 at 3900, n.1].[5] The Court granted Wright's previous motion to appeal *in forma pauperis*. [DE 137]. His

---

[4] This is the same amount as was previously assessed against Wright. It represents ten percent of Plaintiff's attorneys' fees, $9,425, plus costs, $1,052.25. [DE 138 at 3844-45].

[5] However, Plaintiff notes that Wright's affidavit may have failed to disclose one of his entity's property development ventures on the Orinco River in Colombia. [DE 146 at 3900, DE 146-1, Puerto Carreno Tourism Council Webpage, at 3910].

renewed motion sets forth substantially similar facts.  [*See* DE 133; DE 145].  On review, the Court finds Wright makes the financial showing required to waive the appellate filing fee under Fed. R. App. P. 24.  As required by Rule 24, Wright attached an affidavit that shows the detail prescribed by Form 4 of the Appendix of Forms.  The affidavit states the claims and issues Wright intends to present on appeal.  It also shows that Wright's monthly income just covers his monthly expenses. [DE 145 at 3885–87].  Payment of the appellate filing fee would cause undue hardship. [*Id.* at 3883].  Accordingly, Wright's application to proceed without prepayment of fees [DE 145] is **GRANTED**.

### D. Wright's Motion to Stay Judgments Pending Appeal

Federal Rule of Civil Procedure 62(d) grants district courts power to stay an injunction pending appeal: "While an appeal is pending from an interlocutory order or final judgment that grants . . .an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." *See also* Fed. R. App. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . .an order suspending [or] modifying . . . an injunction while an appeal is pending.").  Rule 62(d) also entitles a party who files a satisfactory supersedeas bond to a stay of a money judgment." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003).  While a bond is not the only way to obtain a stay, "the party requesting the stay must at least make a showing that it has adequate resources to satisfy the bond." *Taylor v. Teco Transp., Inc.*, No. 5:04 CV 33 R, 2007 WL 1232203, at *1 (W.D. Ky. Apr. 23, 2007) (internal quotations and citations omitted).

The Court is mindful that "[a] stay pending appeal is a matter of judicial discretion, 'not a matter of right.'" *Memphis A. Philip Randolph Institute v. Hargett*, 977 F.3d 566, 568 (6th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)).  In determining whether to issue a stay

under Rule 62(d), courts consider: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). These four factors are not prerequisites to a stay; they are "interrelated considerations that must be balanced together." *Hargett*, 977 F.3d at 568 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Grepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Wright moves to stay execution of all judgments against Defendants pending appeal without the posting of a security or bond. [DE 145 at 3890]. His motion does not address the above-listed factors or show that he has adequate resources to satisfy a bond. This alone is sufficient grounds to deny his request. *See Teco Transp.*, 2007 WL 1232203, at *1 (denying defendant's request for a stay when they failed to establish adequate resources to post a bond); *WCP/Fern Exposition Servs., LLC v. Hall*, No. 3:08CV-522-S, 2012 WL 12996006 (W.D. Ky. June 20, 2012) (denying a stay pending appeal because the party failed to offer a bond). Regardless, the Court finds that the factors, balanced together, weigh against granting a stay.

First, Wright has failed to establish a likelihood of success on the merits. He repeatedly references newly available evidence but fails to identify what that evidence is. [DE 145 at 3890–92]. He also asserts various procedural arguments that the Court previously considered and rejected. [*Id.* at 3892–93]. This is often the determinative factor. *Thompson v. Dewine*, 959 F.3d 804, 807 (6th Cir. 2020).

The second factor also weighs heavily in favor of denying the stay. Any claim that Wright will be irreparably harmed by enforcement of the Agreed Order—an outcome he negotiated and consented to—is unconvincing. Third, Wright's argument that the sanctions and fees are

financially burdensome weigh in favor of denying the stay, not granting it. Wright's precarious financial position makes it less likely that Plaintiff will be able to collect on the judgments should they prevail on appeal, particularly in the absence of any bond. Finally, Plaintiff raises concerning evidence of Wright's continuing violation of the Court's orders. [*See* DE 146 at 3902; DE 146-2, Jan. 2024 Cease and Desist Letter, at 3913–20]. It is in the public interest to promote respect for the Court's judgments. Thus, the factors and equities in this case weigh against granting a stay.

### III. CONCLUSION

For the reasons above it is **ORDERED**:

(1)   Plaintiff's motion for default judgment [DE 139] is **GRANTED**, with judgment to follow this Order.

(2)   Plaintiff's motion to strike Defendants' response [DE 141] is **GRANTED**, and Corporate Defendants' response [DE 140] is **STRICKEN**.

(3)   Wright's motion [DE 145] is **GRANTED** as to the application to proceed without prepayment of fees and **DENIED** as to a stay of judgments pending appeal.

April 22, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc:   Counsel of record
      Defendant, pro se

7